IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN M. FREW, ON HIS OWN
BEHALF AND ON BEHALF OF
THOSE SIMILARLY SITUATED,

    Plaintiff,

CASE NO.: 6:09-CV-00049-ORL-19-GJK

vs.

TOLT TECHNOLOGIES SERVICE
GROUP, LLC., a Florida corporation,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, STEVEN FREW ("Plaintiff") responds to Defendant's Motion for Summary Judgment ("Motion") as follows:

### I. SUMMARY OF PLAINTIFF'S RESPONSE

Defendant's Motion requests that this Court render summary judgment by impermissibly making a credibility determination as to who is telling the truth - Plaintiff or Defendant. Specifically, the gravamen of Plaintiff's claims in this matter is that Defendant failed to properly pay Plaintiff for overtime during his employment. That is, Plaintiff claims that Defendant encouraged Plaintiff to work extra hours but failed to compensate him for the same. Simply put, Defendant denies Plaintiff's claims and testimony and maintains that no such actions occurred and that his explanations are unbelievable. However, the fact that Defendant outright denies Plaintiff's claims is the very essence of a material fact in dispute. Plaintiff has demanded a trial by jury on all

1

issues so triable. Because the ultimate determination of who prevails in this matter necessarily boils down to whose version of the facts (not the law) is to be believed, the jury, not this Court must render that determination. For this reason alone, Defendant's Motion must be denied as a matter of law.

In short, there clearly exists a genuine issue of material fact in dispute precluding summary judgment in this matter. Plaintiff states he worked, on many occasions, hours that were not reported on his time sheets at the Defendant's direction. Defendant denies this fact. This matter must therefore proceed to trial before a jury to determine who is telling the truth. Thus, Defendant's Motion must be denied as a matter of law.

## II.  MEMORANDUM OF LAW

### A.  Summary Judgment Standard

It is well settled that a party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. *See Hairston v. Gainseville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993) *reh'g and reh'g en banc denied*, 16 F. 3d 1233 (11th Cir. 1994). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. *See id.* If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. *See id.*

2

B.  **Defendant's Motion Must Be Denied Because This Court Cannot Render a Credibility Determination at the Summary Judgment Stage.**

It is axiomatic that it is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) The Court must avoid weighing conflicting evidence or making credibility determinations. *See id.* at 248. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton*, 833 F.2d 923, 933-34 (11th Cir. 1989); *see also Hairston*, 9 F.3d 913, 918-19; *Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 589-90 (11th Cir.1994); *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir.2004).

1.  **The Evidence Shows that Plaintiff's Time Sheets are Inaccurate**

Here, as stated above, several important facts essential to Plaintiff's claims are still disputed. First, Plaintiff presents evidence from Defendant's documents that the time sheets submitted by Plaintiff do not capture all of Plaintiff's working hours. A random sampling of Plaintiff's time records from the month of July 2007 proves that I worked several hours in excess of the hours that I recorded on my time sheets. *See* Frew Affidavit attached as **Exhibit "A"**; at ¶¶18-23. The phone records clearly show that Plaintiff received and made work phone calls prior to and after the time listed on his time sheets. In addition, Plaintiff and another field engineer provided testimony that

Defendant required field engineers to falsify their time entries to add thirty (30) minutes for lunch even if they did not take a lunch. *See* Frew Affidavit at ¶¶9-11. *See also* Wilson Declaration attached as **Exhibit "B"**; at ¶¶15-19. Thus, Plaintiff has provided evidence to confirm that the time entries for he and other engineers were inaccurate in that they do not capture all of Plaintiff's work hours. As a result, Plaintiff has not been paid for all overtime hours.

### 2. Defendant had Knowledge of Plaintiff's Actual Work Hours

Defendant argues that Plaintiff has failed to present any evidence that it had any actual or constructive knowledge of his overtime hours. To the contrary, Plaintiff has provided evidence that Defendant, through its routing practices, was well-aware of Plaintiff's actual work times. Defendant was aware of all field engineers' actual hours worked, including Plaintiff, because it constantly reviewed their GPS records and cellular phone records to confirm the accuracy of their work hours and whether the engineers were in the assigned work area. *See* Frew Affidavit at ¶¶13-25; *See also* Wilson Declaration at ¶¶9-14; *See also* Chanthaphanith Declaration attached as **Exhibit "C"**; at ¶¶5-13. In fact, if the engineers deviated from the work area, they were reprimanded. Wilson Declaration at ¶¶10-11; Chanthaphanith Declaration at ¶¶6-10. If Defendant disagreed with the time sheet entries, they required the engineers to change them. Frew Affidavit at ¶11; Wilson Declaration at ¶¶10-11.

Likewise, Defendant required field engineers to falsify their time entries to add thirty (30) minutes for lunch even if they did not take a lunch. *See* Frew Affidavit at ¶¶9-11. *See also* Wilson Declaration at ¶¶15-19.

4

### III. <u>CONCLUSION</u>

There are factual disputes in this case. The Defendant's arguments involve credibility determinations. Plaintiff has provided objective evidence that his time entries do not include all of his work time. He has also provided sworn testimony from himself and two other former similarly situated employees who are not a party to this action confirming that: 1) Defendant arbitrarily deducted time from Plaintiff's time entries for lunches that *it knew* Plaintiff and the other field managers did not take; 2) Defendant frequently deducted time from time entries *if it did not believe* that field engineers were in their assigned work area based on GPS monitoring devices; and 3) Defendant constantly monitored and scrutinized Plaintiff's time records, GPS records and phone records to determine confirm the accuracy of their work hours and whether the engineers were in the assigned work area. Because Plaintiff has demanded a jury trial, and because the ultimate determination of who prevails in this matter necessarily boils down to whose version of the facts (not the law) is to be believed, the jury, not the Court, must render that determination. Accordingly, Defendant's Motion must be denied as a matter of law for this reason alone.

Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety. *See Blackshear v. Rose,* 2006 WL 298769 *2 (M.D. Fla. 2006) ("Since there remain genuine issues of material fact with respect to Plaintiff's claims (as evidenced by the conflicting versions of the facts as set forth by Plaintiff and the Defendants) and because this Court cannot weigh conflicting evidence or make

5

credibility determinations, Defendants' Motion for Summary Judgment must be denied.").

Respectfully submitted, on this 29th of January, 2010.

/s/ CARLOS LEACH
CARLOS LEACH, ESQUIRE
Florida Bar No.: 0540021
Morgan & Morgan, P.A.
20 N. Orange Avenue, 14th Floor
Post Office Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 420-5956
Email: Cleach@forthepeople.com
Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing of Plaintiff, Plaintiff, has been served to: Ann M. Hensler and William B. DeMeza, Esquire, Holland & Knight, LLP, 100 North Tampa Street, Suite 4100, Tampa, FL 33602; Carolann Cervetti Bullock, John M. Fry and Michael D. Moberly, Esquire, Ryley, Carlock & Applewhite, Suite 1200, 1 N Central Ave, Phoenix, AZ 85004-4417, using the CM/ECF filing system, which I understand will send a notice of electronic filing this 29th day of January 2010.

/s/ CARLOS V. LEACH
Carlos V. Leach

6